**UNITED STATES ex rel. HANDLER v. HILL, Warden.**

No. 6086.

Circuit Court of Appeals, Third Circuit.

June 8, 1937.

Lewis Landes, of New York City, and Charles W. Kalp, of Lewisburg, Pa., for appellant.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Middle District of Pennsylvania dismissing the petition of the appellant, Nathan Handler, for a writ of habeas corpus. The appellant was convicted in the District Court for the Eastern District of New York for violation of the Home Owners' Loan Act of 1933, § 8 (e), as amended by Act April 27, 1934, § 12, 48 Stat. 647 (12 U.S.C. § 1467 (e), 12 U.S.C.A. § 1467 (e), which provides: "No person, partnership, association, or corporation shall, directly or indirectly, solicit, contract for, charge or receive, or attempt to solicit, contract for, charge or receive any fee, charge, or other consideration from any person applying to the Corporation for a loan, whether bond or cash except ordinary fees authorized and required by the Corporation for services actually rendered for examination and perfection of title, appraisal, and like necessary services. Any person, partnership, association, or corporation violating the provisions of this subsection shall, upon conviction thereof, be fined not more than $10,000, or imprisoned not more than five years or both."

The appellant was charged, in an indictment containing seventeen counts, with having solicited fees from numerous applicants for loans from the Home Owners' Loan Corporation which were in excess of ordinary charges and fees authorized by the corporation for services actually rendered for examination and perfection of title, appraisal, and like necessary services. The appellant at first entered a plea of not guilty, which he later withdrew and entered a plea of guilty. He was convicted on all counts but admitted to probation on all but count one. He was sentenced on the first count to imprisonment for one year and one day at a penitentiary or prison camp. His term began June 3, 1935. He served part of his sentence at the Northeastern Penitentiary at Lewisburg, Pa., and then petitioned for a writ of habeas corpus, alleging that the penal provisions of the above act were unconstitutional because in violation of the Fifth and Sixth Amendments to the Constitution. The District Court dismissed the petition and discharged the writ. The appellant, however, has been at large since January 23, 1936; the District Court having granted him bail pending appeal to this court, upon authority of Supreme Court Rule 42 (2), now rule 45 (28 U.S.C.A. following section 354).

The appellant contends that the Home Owners' Loan Act is invalid because the penal section cited is too vague, indefinite, and uncertain to inform the appellant of any crime and deprives him of his property without due process of law, in that it curtails his right and freedom of contract. Attacks on statutes because they are alleged to be wanting in certainty have been frequent. In Connally v. General Const. Co., 269 U. S. 385, 46 S.Ct. 126, 70 L.Ed. 322, it was indicated that where a penal statute sets out an ascertainable standard of guilt and in such fashion that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue, it is sufficiently certain to meet the constitutional requirements. The statute involved in this suit meets such standards. The War Risk Insurance Act (40

Stat. 555, § 1) had a similar penal clause and was sustained in Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176. In our opinion the section is unambiguous and expresses the intent of Congress to prohibit all charges in connection with a loan from the corporation except those authorized by the corporation for services actually required in the refinancing operations.

We do not find an undue restriction of the appellant's freedom to contract because of the restriction upon his charges for services. If Congress had the power to provide for the Home Owners' Loan Corporation and to empower it to make loans to owners in distress, it necessarily had the power to make conditions under which the loans were to be granted. See Frisbie v. United States, 157 U.S. 160, 15 S.Ct. 586, 39 L.Ed. 657, in which the Supreme Court upheld an act which made it a criminal offense to charge a fee in excess of that allowed for representing an applicant for a pension. See, also, Margolin v. United States, supra; Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L. Ed. 843.

We conclude that the act is constitutional.

The order of the District Court is affirmed.